Hart, J.,
dissenting. Section 5498, General Code, provides that, in determining, for the purpose of computing franchise taxes, the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation, the Tax Commissioner shall be guided by the provisions of Sections 5328-1 and 5328-2, General Code.
In making this determination, how shall the commissioner be “guided” by Sections 5328-1 and 5328-2, General Code? The majority opinion says that the commissioner’s guidance under these sections must be limited to the determination of the business situs of certain classes of property within or without the state in order that certain intangible property of Ohio business concerns attributable to business done in other states shall be exempt from taxation in Ohio.
As I read Section 5498, General Code, the end sought is the determination of the amount or value of intangible property owned or used in Ohio by an Ohio or a foreign corporation, and when the statute says the commissioner shall be guided by Sections 5328-1 and 5328-2, General Code, it means what it says, and that is that the commissioner must be guided by all the provisions of such sections which relate to the determination of “the amount or value of intangible property” — in this case, belonging to an Ohio corporation — which comprises the tax base. Consequently, when Section 5328-1, General Code, provides, among other things, that “all moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation, except *178 ing as provided in this section or as otherwise provided or exempted in this title,” and when Section 5323, General Code, of the same title, provides that the term, “investments,” shall include, inter alia, shares of stock in corporations, interest bearing obligations for payment of money such as bonds, certificates of indebtedness, debentures and notes, “excepting (1) those in such corporations and associations as constitute instrumentalities of the federal government for the taxation of ivhich by the several states no provision is made by act of the Congress of the United States,” I am unable to understand why these provisions of the sections in question must not also be considered as a guide in determining “the amount or value of intangible' property * * * owned or used in this state by either a domestic or foreign corporation,” subject to taxation and comprising the tax base in determining a franchise tax.
I am unable to ascertain the intent of the General Assembly in the enactment of pertinent statutes by excluding from their operation certain of their provisions which seem to me to be very vital and important in determining corporate values as the measure of a corporation franchise tax, however unfortunate to the tax duplicate of the state the exemptions therein provided may be.
We must find such intent from the expression of the statutes and not disregard certain of their provisions on the theory that the statutes in question “were enacted primarily for the purpose of raising revenue. ’ ’
The Wrenn case was decided February 13, 1952. The General Assembly since then was in full regular session but did not see fit to enact any legislation or amend the applicable statutes so as to give expression to the interpretation now adopted by the majority opinion. The inference to be drawn is that the statutes in question were given proper interpretation in the Wrerm case,